[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Recommended Judgment.
Judgment should enter for the plaintiff in the amount of One Thousand Three Hundred Sixty-Nine and 34/100 Dollars ($1,369.34).
II. Rationale.
This case centers on a dispute between the plaintiff ZANELLA PLUMBING and HEATING, INC. which supplied labor and materials in the defendant's home based on an original contract specifying certain items which were then later altered to include extra, more expensive materials and the defendant, ANTHONY MONTERO, who states there was no agreement entered into by the parties. The plaintiff's complaint alleges that an implied contract for the materials existed between the parties and thus the defendant, by not paying for said services and materials, was unjustly benefitted [benefited]. CT Page 3540
The allegations of a complaint must be given "such reasonable construction as will give effect to [it] in conformity with the general theory which it was intended to follow, and do substantial justice between the parties." Cahill v. Board of Education,198 Conn. 229, 236, 502 A.2d 410 (1985). The plaintiff alleged that on or before October 17, 1987, the defendant entered into a contract with the plaintiff for the installation of plumbing fixtures at the defendant's home. After the commencement of work, the defendant requested additional piping and different fixtures and additional materials for which the defendant promised to pay a reasonable sum in addition to the price named in the original agreement. The testimony showed that an oral agreement was entered into by the parties for the installation of plumbing and heating in the defendant's home. Although there was conflicting testimony regarding the total amount of the contract, the weight of the evidence proved that the plaintiff completed the installation, including the extra materials, but with no specific sum agreed upon by the parties to the "original" agreement.
During the period of work under the original contract, the plaintiff submitted invoices to the defendant and the defendant paid the plaintiff approximately Eight Thousand Nine Hundred Dollars ($8,900.00). There was no dispute as to this sum paid under the original agreement. The dispute arose over the "extras."
There was no believable testimony which showed that the labor to install the extras and changes was over and above the work required by the original oral agreement. There was, however, evidence which showed that the defendant benefitted [benefited] by the installation of more expensive, better quality materials than had been originally selected and which had been agreed to by the defendant.
Although the defendant knew or should have known that the materials being installed were not those which defendant had originally selected, defendant stood by and allowed the installation with no objection. The facts, therefore, show that the defendant would be unjustly enriched if not required to pay for the additional and better quality materials.
"Quantum meruit is the remedy available to a party when the trier of fact determines that an implied contract for services existed between the parties, and that, therefore, the plaintiff is entitled to the reasonable value of services rendered." Burns v. Koellmer, 11 Conn. App. 375, 383
(1987); Rossetti v. New Britain, 163 Conn. 283, 292, 303 A.2d 714 (1972). The conduct of the parties in this case illustrates that the defendant impliedly promised to pay for the services rendered and for the additional and better quality materials. However, since there was CT Page 3541 not sufficient evidence to show that the labor required for the installation of these other materials was over and above the work required by the original oral agreement, no recovery for labor costs should be granted thus reducing the plaintiff's claimed damages from One Thousand Eight Hundred Ninety-Eight and 37/100 Dollars ($1,898.37) to the recommended judgment of One Thousand Three Hundred Sixty-Nine and 34/100 Dollars ($1,369.34).
PETER F. STUART Factfinder